**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LINDA MURPHY**<br><br>           **v.**<br><br>**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | **CIVIL ACTION**<br><br>**NO.  16-2922** |

Baylson, J.                                                September 15, 2016

## MEMORANDUM RE DEFENDANT'S MOTION TO DISMISS

### I.  INTRODUCTION

In this diversity insurance contract action, defendant State Farm Mutual Automobile Insurance Company ("State Farm" or "Defendant") moves to dismiss two counts of plaintiff Linda Murphy's ("Ms. Murphy" or "Plaintiff") three-count Complaint.  Ms. Murphy brings claims for breach of contract, bad faith under 42 Pa. Cons. Stat. § 8371, and violations of Pennsylvania's Unfair Trade Practices and Consumer Law, 73 Pa. Cons. Stat. § 201, *et seq.* ("UTPCPL").  State Farm moves to dismiss, and strike from Ms. Murphy's Complaint, her claims for bad faith and UTPCPL violations.  For the following reasons, the Court grants in part and denies in part State Farm's motion.

### II.  FACTUAL ALLEGATIONS

The following are well-pleaded allegations in Ms. Murphy's Complaint, accepted as true for purposes of deciding State Farm's motion.  At all times material to her claims, Ms. Murphy was insured by State Farm under an insurance policy (the "Policy") containing combined underinsured motorist ("UIM") coverage of up to $75,000.00 for Ms. Murphy and her husband. (ECF 1, Ex. A ("Compl.") ¶ 30).  On April 29, 2011, Ms. Murphy sustained injuries in a motor vehicle collision with a third non-party driver (the "Driver"), who admitted 100% liability for the

collision.  (Compl. ¶¶ 15, 21).  Ms. Murphy filed suit against Driver, who had insurance policy limits of $50,000.00 to cover the accident.  (Compl. ¶¶ 22-23).  The Driver offered $46,635.00 as settlement for Ms. Murphy's claim.  (Compl. ¶ 24).  Ms. Murphy sought State Farm's approval of the Driver's offer, and State Farm consented to the Driver's settlement offer and waived its subrogation rights against the Driver.  (Compl. ¶¶ 25-26).  When Ms. Murphy submitted a UIM claim pursuant to the State Farm, State Farm failed to make a reasonable and fair offer of settlement.  (Compl. ¶¶ 34, 39).[1]

As a result of State Farm's refusal to proffer a fair and reasonable settlement offer, Ms. Murphy filed the instant action.  Count I of Ms. Murphy's Complaint alleges that her State Farm policy was in effect and carried UIM coverage at the time of the accident, that she complied with policy requirements and that she is entitled to coverage, and that State Farm breached its contractual duties and legal obligations of good faith under the Policy.  (Compl. ¶¶ 44-58).  In Count II, Ms. Murphy alleges that State Farm acted in bad faith contrary to its statutory duty under 42 Pa. Cons. Stat. § 8371 by, among other things, failing to make a reasonable and fair offer of settlement.  (Compl. ¶¶ 59-69).  In Count III, Ms. Murphy alleges that State Farm violated Pennsylvania consumer protection law by, among other things, using unfair, fraudulent and deceptive advertising to induce Ms. Murphy to purchase UIM coverage from Defendant. (Compl. ¶¶ 70-82).

### III.  PROCEDURAL HISTORY

This case was originally filed on May 19, 2016 in the Court of Common Pleas of Bucks County, No. 2016-03078.  (ECF 1, Notice of Removal ¶¶ 1-2).  On June 13, 2016, State Farm removed the action to this Court on the basis of diversity jurisdiction, in that Ms. Murphy is a

---

[1]     Neither Mrs. Murphy's Complaint nor the briefing in this pending Motion to Dismiss educate the Court as to whether an offer was actually made and, if so, the amount of such offer.

citizen of Pennsylvania and State Farm is an Illinois corporation with its principal place of business in Bloomington, Illinois, and the amount of controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  (Id. ¶¶ 3-4, 9).

On June 16, 2016, State Farm moved to dismiss two counts of Mr. Murphy's three-count Complaint.  (ECF 5, Def.'s Mot. to Dismiss Pl.'s Compl. ("Def.'s Br.")).  State Farm contends (a) that Ms. Murphy's bad faith claim should be dismissed because she pleads only conclusory allegations, but no facts, and (b) that her claim for punitive damages must be stricken because they are not available under the statute.  (Def.'s Br. at 8-11).[2]  State Farm argues that Ms. Murphy's claim for violation of Pennsylvania consumer protection law must be dismissed because (a) her claim is barred by the economic loss doctrine, and (b) she failed to plead justifiable reliance and damages.  (Def.'s Br. at 11-15).

On July 21, 2016, Ms. Murphy filed her opposition to State Farm's motion.  (ECF 6, Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss Pl.'s Compl. ("Pl.'s Opp'n")).  In response to State Farm's arguments, Ms. Murphy contends that she has pleaded sufficient facts allowing her claims of bad faith and UTPCPL violations to proceed.  First, Ms. Murphy argues that she has alleged a laundry list of accusations of specific instances of State Farm's bad faith, any one of which is sufficient under the Federal Rules' relatively low pleading burden.  (Pl.'s Opp'n at 16-18).[3]  Second, Ms. Murphy argues that Pennsylvania courts permit the recovery of punitive damages upon a finding of bad faith.  (Pl.'s Opp'n at 18).  Third, Ms. Murphy contends that the economic loss doctrine does not prevent her UTPCPL claim from proceeding because she has pleaded that her damages flowed, not from the insurance contract at issue, but from a social

---

[2]        Because State Farm's Motion to Dismiss does not contain page numbers, the Court refers to the numbers on ECF legend on the top of the submission, for ease of reference.
[3]        Ms. Murphy's Opposition, like State Farm's Motion, does not contain page numbers, and so the Court likewise refers to the numbers on the ECF legend.

policy applicable to all consumers based on State Farm's "Like a Good Neighbor" ad campaign. (Pl.'s Opp'n at 19).  Fourth, Ms. Murphy argues that the economic loss doctrine does not bar UTPCPL claims because they are statutory claims that do not sound in negligence, citing <u>Knight v. Springfield Hyundai</u>, 81 A.3d 940 (Pa. Super. Ct. 2013).  (Pl.'s Opp'n at 19).  Finally, Ms. Murphy asserts that she has sufficiently pleaded a claim for violation of Pennsylvania consumer protection law she pleaded (a) justifiable reliance on State Farm's advertisements in purchasing the company's insurance, and (b) that she suffered damages in the form of increased premiums due to her purchase of UIM benefits.  (Pl.'s Opp'n at 21).

## IV.  LEGAL STANDARDS

### A.    Jurisdiction

This Court has jurisdiction under 28 U.S.C. § 1332(a) and venue is proper in this District under § 1441(a).

### B.    Standard of Review

A claim may dismissed under Federal Rule of Civil Procedure ("Rule") 12(b)(6)[4] for "failure to state a claim upon which relief can be granted."  The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff.  <u>Angelastro v. Prudential-Bache Sec., Inc.</u>, 764 F.2d 939, 944 (3d Cir. 1985).

---

[4]     The Court relies on a document annexed to both Defendant's Motion and Plaintiff's Opposition, namely the State Farm insurance policy at issue.  In both instances, the policy is presented as Exhibit A to Plaintiff's Bucks County Complaint, which is itself annexed to both Motion and Opposition as Exhibit "A."  The Third Circuit has recognized that a district court ruling on a motion to dismiss may consider "a 'document integral or explicitly relied upon in the complaint . . . without converting the motion [to dismiss] into one for summary judgment.'"  <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1426 (3d Cir. 1997) (alteration in original) (quoting <u>Shaw v. Digital Equip. Corp.</u>, 82 F.3d 1194, 1220 (1st Cir. 1996)).

State Farm also annexes correspondence which apparently evidences that it sought to schedule Mrs. Murphy's "Statement Under Oath" in connection with her UIM claim.  (Def.'s Br., Ex. B).  This document was not introduced in either Defendant's Motion or its Memorandum and will not be considered by the Court in determining the present motion to dismiss.

Except as provided in Rule 9, a complaint is sufficient if it complies with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), the Third Circuit Court of Appeals described Iqbal as requiring a two-part analysis when considering a Rule 12(b)(6) motion.  First, a court separates the facts averred in the complaint from any legal conclusions asserted therein.  Fowler, 578 F.3d at 210.  All facts pleaded must be taken as true, but any legal conclusions may be disregarded.  Id. at 210-11 Second, the court determines whether the facts alleged are sufficient to show that the plaintiff has a "plausible claim for relief."  Id. at 211 (quoting Iqbal, 556 U.S. at 679).

Pleadings must include at least some factual allegations to support the legal claims asserted.  Id. at 210.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.  Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

## V.  DISCUSSION

### A.    Ms. Murphy's Bad Faith Claim

To state a claim for bad faith under 41 Pa. Cons. Stat. § 8371, a plaintiff must allege facts that show, by clear and convincing evidence: "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis."  Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997).  The

Pennsylvania Legislature promulgated 42 Pa. Cons. Stat. § 8371 to create a statutory remedy for

bad faith conduct by insurers in denying benefits or handling claims, allowing courts to award

plaintiffs interest, punitive damages, and court costs and attorneys' fees.  Terletsky v. Prudential

Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994).

In Eley v. State Farm Ins. Co., No. 10-5564, 2011 WL 294031, at *3-4 (E.D. Pa. Jan. 31,

2011) (Baylson, J.), this Court ruled on the sufficiency of a bad faith claim brought pursuant to

42 Pa. Cons. Stat. § 8371 under the pleading standards developed in Iqbal and Fowler.  In Eley,

the plaintiff alleged that the defendant insurance company lacked reasonable basis in

"(a) fail[ing] to negotiate plaintiffs' [UIM] claim in good faith[;] (b) fail[ing] to properly

investigate and evaluate plaintiff[s'] insurance claim[;] and (c) such other acts to be shown

through discovery."  Eley, 2011 WL 294031, at *4 (alteration in original).  In addition, the

plaintiff alleged that the defendant insurance company knew or recklessly disregarded the fact

that it had no reasonable basis for such conduct in handling the plaintiffs' UIM claim.  Id.

Ruling on a motion to dismiss, this Court concluded that the plaintiffs in Eley had failed to allege

facts sufficient to support their bad faith claim.  Id. at *5.

Furthermore, Ms. Murphy has not attempted to distinguish Atiyeh v. National Fire Ins.

Co. of Hartford, 742 F. Supp. 2d 591 (E.D. Pa. 2010).  In Atiyeh, the plaintiff averred that the

defendant insurance company had

> (1) falsely and fraudulently represented that plaintiff had not
> performed routine maintenance on the premises; (2) unreasonably
> refused to indemnify plaintiff for his loss; and (3) breached its duty
> of good faith and fair dealing by: (a) failing to conduct a
> reasonable investigation, (b) denying benefits to plaintiff without a
> reasonable basis, (c) knowingly or recklessly disregarding the lack
> of a reasonable basis to deny plaintiff's claim, or (d) asserting
> policy defenses without a reasonable basis.

Id. at 599.

6

The district court found these allegations to be "merely conclusory legal statements and not factual averments," concluding that such "bare-bones' conclusory allegations . . . do not state a plausible bad faith claim." Id. at 600.

Nor do Ms. Murphy's allegations regarding State Farm's inadequate and unreasonable low-ball offers, designed to enhance Defendant's own financial position at the expense of their insured, preclude dismissal. This allegation is conclusory and not supported by any factual averments; it is merely Ms. Murphy's characterization of the facts. Similarly, all of Ms. Murphy's characterizations in the bad faith count of her Complaint are conclusory or unsupported by the factual averments elsewhere in the Complaint (e.g., that State Farm "Fail[ed] to objectively and fairly evaluate Plaintiff's UIM claim" (Compl. ¶ 66(a)); "Ma[de] settlement offers which its [sic] knows are insultingly low" (Compl. ¶ 66(h)); "Engag[ed] in dilatory and abusive claims handling" (Compl. ¶ 66(b)); and "Fail[ed] to promptly offer payment to the Plaintiff" (Compl. ¶ 66(g))).

The allegations of the Complaint and its incorporated exhibits show that Ms. Murphy suffered an accident for which she was insufficiently compensated, after which Ms. Murphy applied to State Farm for UIM compensation. The Complaint further shows that, in accordance with Mrs. Murphy's Policy, State Farm requested, and Mrs. Murphy gave, State Farm the ability to obtain signed medical authorizations. (Compl. ¶ 35-36).

These minimal facts adduced by Ms. Murphy in support of claim for bad faith, and all reasonable inferences drawn therefrom, do not state a claim for bad faith under Section 8371. The leading Pennsylvania cases make clear that bad faith is a "frivolous or unfounded refusal" to pay benefits, Terletsky, 648 A.2d at 688, or the failure to conduct a good faith investigation or communicate with the claimant, Condio v. Erie Ins. Exch., 899 A.2d 1136, 1142 (Pa. Super. Ct.

2006).  The allegations are "boilerplate" without any specific demonstration of delay, frivolous refusal to pay the policy proceeds, or failure to communicate with Ms. Murphy.  Under these circumstances, Ms. Murphy does not state a claim for insurance bad faith under Section 8371.

**B.     Ms. Murphy's UTPCPL Claim**

State Farm argues both that Ms. Murphy's claim for violation of Pennsylvania consumer protection law is barred by the economic loss doctrine, and that Ms. Murphy has failed to allege that she justifiably relied on any fraudulent or deceptive conduct of the defendant, as required by the Third Circuit's interpretation of the UTPCPL's private-plaintiff standing position.  The Court agrees with State Farm on both fronts.

1.     <u>The Economic Loss Doctrine Bars Ms. Murphy's Claim for UTPCPL Violation</u>

Under Pennsylvania law, the economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract."  <u>Werwinski v. Ford Motor Co.</u>, 286 F.3d 661, 671 (3d Cir. 2002) (quoting <u>Duquesne Light Co. v. Westinghouse Elec. Corp.</u>, 66 F.3d 604, 618 (3d Cir. 1995)).  It is "designed to . . . establish clear boundaries between tort and contract law."  <u>Id.</u> at 680.  Accordingly, where a "plaintiff's only alleged damage is a diminution in the value of a product plaintiff has purchased, Pennsylvania law says that plaintiff's redress comes from the law of contract, not the law of tort."  <u>Martin v. Ford Motor Co.</u>, 765 F. Supp. 2d 673, 684 (E.D. Pa. 2011) (quoting <u>Stein v. Fenestra Am., L.L.C.</u>, No. 09-5038, 2010 WL 816346, at *3 (E.D. Pa. Mar. 9, 2010)).

While the issue of whether the economic loss doctrine applies to statutory claims under the UTPCPL has been the subject of much dispute in Pennsylvania, and the Pennsylvania Supreme Court has yet to rule on whether the economic loss doctrine bars intentional fraud and deceptive practices claims stemming from a statute such as the UTPCPL, the Third Circuit has

predicted that the Pennsylvania Supreme Court would hold that UTPCPL claims are barred by the economic loss doctrine. Werwinski, 286 F.3d at 680-81. After Werwinski, the Pennsylvania Superior Court held in Knight v. Springfield Hyundai, 81 A.3d 940, 952 (Pa. Super. Ct. 2013), that UTPCPL claims are not subject to the economic loss doctrine because they are statutory claims that do not sound in negligence. In opposing State Farm's motion to dismiss her UTPCPL claim, Ms. Murphy relies on cases finding that Werwinski no longer holds vitality after Knight. See Kantor v. Hiko Energy, LLC, 100 F. Supp. 3d 421, 427 (E.D. Pa. 2015) (adopting Knight's holding that claims brought under the UTPCPL are statutory claims and therefore not barred by the economic loss doctrine); Roberts v. NVR, Inc., No. 15-489, 2015 WL 3745178, at *5-6 (W.D. Pa. June 15, 2015) (same).

Despite these decisions concluding to the contrary, this Court, like many district courts in this Circuit, holds that the Werwinski decision is binding on the district courts in the Third Circuit until either the Pennsylvania Supreme Court or Third Circuit rules otherwise. See McGuckin v. Allstate Fire & Cas. Ins. Co., 118 F. Supp. 3d 716, 720 (E.D. Pa. 2015) (addressing the split in the Third Circuit after the decision in Knight and deciding that, as a court in this District, it is still bound by Werwinski).

Nonetheless, an exception to the applicability of the economic loss doctrine exists for certain claims based on fraud in the inducement where the fraud is "extraneous to the contract, not interwoven with the breach of contract." Stein, 2010 WL 816346, at *4. Thus, "[i]nducement claims remain viable only when a party makes a representation extraneous to the contract, but not when the representations concern the subject matter of the contract or the party's performance." Reilly Foam Corp. v. Rubbermaid Corp., 206 F. Supp. 2d 643, 659 (E.D. Pa. 2002).

Here, Ms. Murphy's UTPCPL claim is clearly interwoven with her insurance contract and State Farm's performance thereunder.  She alleges that State Farm's "Like a good neighbor" ad campaign, and the State Farm representative's assurance "that they would treat Plaintiff better than competing insurance companies . . . referenc[ing] the 'Like a Good Neighbor' ad campaign to persuade the Plaintiff," were material in her decision to purchase UIM coverage from Defendant.  (Compl. ¶¶ 73-74).  But, "[a]llegations that a party did not intend to perform the contract properly 'concern the subject matter of the contract of the party's performance' and, thus, do not fit within the limited exception to the economic loss doctrine for fraud in the inducement."  McGuckin, 118 F. Supp. 3d at 721-22 (quoting Reilly Foam, 206 F. Supp. 2d at 659).

In addition, Ms. Murphy's other allegations in her UTPCPL claim are centered on her allegation that State Farm has not fulfilled its obligations under the insurance contract.  (E.g., that State Farm "Conduct[ed] an inadequate and non-objective evaluation of Plaintiff's claim pursuant to her UIM coverage" (Compl. ¶ 77(b)); "Evaluat[ed] the amount and probability of damages and exposure under an irrationally restrictive standard as a pretext and contrary to Defendant's own investigation and claims-handling policies and procedures" (Compl. ¶ 77(j)); "Ma[de] redundant, unnecessary, and pretextual requests for documents and other materials" (Compl. ¶ 77(n))).  "[T]hese and the other allegations . . . all relate to the fact that" Ms. Murphy is claiming that State Farm "breached the insurance policy, which is the contract between the parties."  Vaughan v. State Farm Fire & Cas. Co., No. 14-1684, 2014 WL 6865896, at *5 (E.D. Pa. Dec. 3, 2014).

Accordingly, Ms. Murphy's UTPCPL claim is barred by the economic loss doctrine and must be dismissed.

2.    <u>Ms. Murphy Has Failed to Sufficiently State a Claim Under the UTPCPL</u>

Even were Ms. Murphy's claim not barred by the doctrine of economic loss, her UTPCPL claim would still fail because she has failed to sufficiently plead that claim.  A private plaintiff bringing suit under the UTPCPL must allege that she justifiably relied on the defendant's wrongful conduct or representation.  <u>Hunt v. U.S. Tobacco Co.</u>, 538 F.3d 217, 222-23 (3d Cir. 2008).  This requirement derives from the statutory requirement that a plaintiff suffer loss "as a result of" the defendant's deception.  <u>Id.</u> at 223.  Here, Ms. Murphy alleges that she and her husband decided to obtain UIM insurance from State Farm after seeing their "Like a good neighbor, State Farm is there" advertising campaign.  (Compl. ¶ 31).

However, Ms. Murphy also alleges that State Farm engaged in "fraudulent" conduct (Compl. ¶ 77), which triggers a heightened burden to allege with particularity the circumstances constituting fraud.  Fed. R. Civ. P. 9(b).  This requires Ms. Murphy to state "the who, what, when, where, and how of the events at issue."  <u>In re Rockefeller Ctr. Props., Inc. Sec. Litig.</u>, 311 F.3d 198, 217 (3d Cir. 2002) (internal quotation marks omitted).

Despite Ms. Murphy's repeated conclusory statements to the contrary, it is unclear what specific conduct State Farm engaged in in this case that deceived or defrauded her.  Ms. Murphy makes no allegation that State Farm said it would pay the full amount of coverage and then did not.  Thus, to the extent that Ms. Murphy's Complaint stems from State Farm's refusal to pay the full amount of her UIM claim, such "nonfeasance," as opposed to "malfeasance," or the improper performance of contractual duties, is not actionable under the UTPCPL.  <u>Horowitz v. Fed. Kemper Life Assur. Co.</u>, 57 F.3d 300, 307 (3d Cir. 1995).  Further, to the extent that Ms. Murphy alleges wrongdoing in the handling of her claims, "[o]n issues such as liability, damages, coverage or even procedure, [UIM] claims . . . are inherently and unavoidably arm's

11

length and adversarial." <u>Monck v. Progressive Corp.</u>, No. 15-250, 2015 WL 1638574, at *7 (M.D. Pa. Apr. 13, 2015) (quoting <u>Smith v. State Farm Mut. Auto. Ins. Co.</u>, No. 11-7589, 2012 WL 508445, at *4 (E.D. Pa. Feb. 16, 2012)).

Finally, Ms. Murphy has not cited, nor has this Court found, a single case in which an insurance company's general advertising statements, such as either "like a good neighbor, State Farm is there" or "you're in good hands with Allstate,"[5] has grounded a claim under the UTPCPL. The Court is unwilling to venture that such generalized advertising slogans are sufficient to merit such broad protection.

### C.     State Farm's Motion to Strike

State Farm also moves to strike (a) all allegations of its bad faith and Ms. Murphy's request for punitive damages in Count II, and (b) all allegations of its violation of Pennsylvania's consumer protection law.

Rule 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "While courts possess considerable discretion in weighing Rule 12(f) motions, such motions are not favored and will generally be denied unless the material bears no possible relation to the matter at issue and may result prejudice to the moving party."  <u>Miller v. Grp. Voyagers, Inc.</u>, 912 F. Supp. 164, 168 (E.D. Pa. 1996).

State Farm makes no argument in favor of its request to strike the aforementioned material, apparently resting only on its arguments in favor of dismissal.  However, just because a Court grants dismissal of a plaintiff's claim does not automatically counsel striking those claims,

---

[5]      In <u>McGuckin</u>, 118 F. Supp. 3d at 719 n.2, the district court noted that the plaintiff "allege[d] that Allstate made misrepresentations when it advertised that "you're in good hands with Allstate," but that the plaintiff eventually withdrew "his reliance on Allstate's advertisements as misrepresentations."

or the allegations on which they are based, from the complaint.  Accordingly, the Court denies State Farm's motion to strike.

## VI.  CONCLUSION

For the foregoing reasons, the Court dismisses Counts II and III of Ms. Murphy's Complaint without prejudice and with leave to amend within fourteen (14) days.

O:\Lana.2015\Murphy v. State Farm 16-2922\Memo re MtD.docx